**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMGUARD INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) No.: | |
| MAHAVIR MATTESON ) | |
| HOSPITALITY, LLC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, AMGUARD INSURANCE COMPANY ("AmGuard") by its attorneys, Michael J. Duffy and Michael J. O'Malley of Wilson Elser Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against Defendant Mahavir Matteson Hospitality, LLC ("MMH"), states as follows:

**STATEMENT OF CASE**

1. This action seeks a declaration that AmGuard owes no insurance coverage obligations to MMH in connection with the claims against it in a lawsuit styled as *Janis Shumway v. Mahavir Matteson Hospitality LLC*, Case No. 1:21-cv-01049 (N.D. Ill.) (hereinafter the "*Shumway* Suit"). A copy of the Complaint in the *Shumway* Suit is attached hereto as Exhibit A.

**JURISDICTION AND VENUE**

2. Plaintiff AmGUARD is an insurance company formed under the laws of the State of Pennsylvania with its principal place of business in Pennsylvania. AmGUARD conducts business in Illinois and within the geographical boundaries of this District.

3. MMH is a limited liability company formed under the laws of the State of Illinois with its principal place of business in Illinois. MMH's members are citizens of Illinois.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and AmGuard is not a citizen of any state in which the Defendant is a citizens.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as this case involves claims for coverage regarding a suit pending within the geographical boundaries of this District, the insurance policy at issue was issued within the geographical boundaries of this District and the Defendant does business and/or resides in this District.

**FACTS**

6. MMH demanded defense and indemnity from AmGuard as respects it's liability in the *Shumway* Suit.

7. AmGuard denies it owes MMH any defense or indemnity obligations with respect to the claims against it in the *Shumway* Suit.

8. An actual and justiciable controversy exists between parties as to the availability of insurance coverage for MMH with respect to the *Shumway* Suit under the AmGuard policy issued to MMH. Pursuant to the Federal Declaratory Judgment Act (28 U.S.C. § 2201) this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

9. AmGuard issued a liability insurance policy to its named insured, MMH, bearing policy number MABP 134269 effective from November 6, 2020 to November 6, 2021. A copy of the AmGuard Policy is attached as Exhibit B.

10. The general liability coverage in the AmGuard Policy provides, in part, as follows:

    **SECTION II - LIABILITY**

    A.    **COVERAGES**

        1.    **Business Liability**

      **a**.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

      \*     \*     \*

**B.**     **Exclusions**

    1.    Applicable To Business Liability Coverage

      This insurance does not apply to:

      \*     \*     \*

    a.    Expected Or Intended Injury[1]

      "Bodily injury" or "property damage" (including any unexpected or unintended portion thereof) if any "bodily injury" or "property damage" was expected or intended from the standpoint of any insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

      \*     \*     \*

    p.    Personal And Advertising Injury

      (3)    Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

      \*     \*     \*

---

[1] Quoted as amended by the IL Policy Customizations Endorsement, Form BP 99 IL 09 16, in the 2018-2019 Policy.

257005842v.1

(15) Arising out of discrimination, harassment or humiliation by an officer, director, member or partner of the insured.

\* \* \*

**F. Liability And Medical Expenses Definitions**

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement"; or

4

      g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*   *   *

    17.    "Property damage" means:

      a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*   *   *

See, Exhibit B.

## COUNT I

11. AmGUARD reasserts and realleges paragraphs 1 through 10 of the Complaint as if set forth fully herein.

12. The Policy only provides coverage for claims for damages because of "bodily injury" "property damage" caused by an "occurrence" or "personal and advertising injury" as those terms are defined in the Policy.

13. The *Shumway* Suit does not concern a claim for damages because of "bodily injury" "property damage" caused by an "occurrence" or "personal and advertising injury" as those terms are defined in the Policy.

14. Therefore there is no coverage under the AmGuard Policy for the claims against MMH in the *Shumway* Suit and AmGuard owes no defense or indemnity to MMH for said suit.

WHEREFORE, Plaintiff AmGUARD Insurance Company prays that this Court enter the following relief:

    A.    A declaration finding that AmGUARD owes no coverage to MMH for the claims against it in the *Shumway* Suit; and

    B.    For all such just and equitable relief, including costs of this suit.

## COUNT II

15.    AmGUARD reasserts and realleges paragraphs 1 through 14 of the Complaint as if set forth fully herein

16.    The Policy excludes coverage for any claim for damages because of "personal and advertising injury" arising out of the publication of materials first published before the policy period.

17.    To the extent any "personal and advertising injury" is alleged in the *Shumway* Suit, which is not the case, upon information and belief, it arises out of the publication of materials first published before the policy period or material published outside the applicable policy period.

18.    Accordingly, AmGUARD owes no coverage to MMH for the *Shumway* Suit.

WHEREFORE, Plaintiff AmGUARD Insurance Company prays that this Court enter the following relief:

    A.    A declaration finding that AmGUARD owes no coverage to MMH for the claims against them in the *Shumway* Suit; and

    B.    For all such just and equitable relief, including costs of this suit.

## COUNT III

19.    AmGUARD reasserts and realleges paragraphs 1 through 14 of the Complaint as if set forth fully herein

257005842v.1

20. The Policy excludes coverage for any claim for damages because of "personal and advertising injury" arising out of discrimination, harassment or humiliation by an officer, director, member or partner of the insured.

21. To the extent any "personal and advertising injury" is alleged in the *Shumway* Suit, which is not the case, upon information and belief, it arises out of discrimination, harassment or humiliation by an officer, director, member or partner of the insured.

22. Accordingly, AmGUARD owes no coverage to MMH for the *Shumway* Suit.

WHEREFORE, Plaintiff AmGUARD Insurance Company prays that this Court enter the following relief:

A. A declaration finding that AmGUARD owes no coverage to MMH for the claims against them in the *Shumway* Suit; and

B. For all such just and equitable relief, including costs of this suit.

## COUNT IV

23. AmGUARD reasserts and realleges paragraphs 1 through 14 of the Complaint as if set forth fully herein.

24. The Expected Or Intended Injury Exclusion bars coverage for "bodily injury" or "property damage" if that injury or damage was expected or intended from the standpoint of the insured.

25. To the extent any "bodily injury" or "property damage" is alleged in the *Shumway* Suit, which is not the case, the Expected Or Intended Injury Exclusion bars coverage.

26. Accordingly, AmGUARD owes no coverage to MMH for the *Shumway* Suit.

WHEREFORE, Plaintiff AmGUARD Insurance Company prays that this Court enter the following relief:

A. A declaration finding that AmGUARD owes no coverage to MMH for the claims against them in the *Shumway* Suit; and

B. For all such just and equitable relief, including costs of this suit.

Dated: July 28, 2021

                                        Respectfully Submitted,

                                        AMGUARD INSURANCE COMPANY

                                        By: /s/ Michael J. Duffy
                                                  One of its Attorneys

Michael J. Duffy (michael.duffy@wilsonelser.com)
Michael J. O'Malley (michael.omalley@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550; (312) 704-1522 (fax)

8

257005842v.1